Charles CHRISTY

v.

**PENNSYLVANIA TURNPIKE COMMISSION, et al.**

**Civ. A. No. 93–CV–3346.**

United States District Court, E.D. Pennsylvania.

Jan. 4, 1996.

See also 157 F.R.D. 338.

John P. Hickey, Imogene E. Hughes, Kleinbard, Bell & Brecker, Philadelphia, PA, for Plaintiff.

Michael M. Baylson, Frank E. Noyes, II, Duane, Morris & Heckscher, Philadelphia, PA, for Defendants (except Boschi).

David S. Fortney, Lisa G. DiPietro, Reed, Smith, Shaw & McClay, Philadelphia, PA, for Defendant—John Boschi.

**MEMORANDUM**

JOYNER, District Judge.

Defendant Frank Ursomarso moves this Court to reconsider our order denying his motion for summary judgment. He contends that this Court made errors of law and fact that justify a reconsideration and ultimate dismissal of him from this case. The

purpose of a motion to reconsider is to "correct manifest errors of law or fact or to present newly discovered evidence," not to re-argue an issue. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985).

### A. § 1983 Claim.

■ First, Ursomarso maintains that Christy's § 1983 claim must be dismissed because there is insufficient evidence to permit a reasonable jury to find that he had actual knowledge of the alleged discrimination and acquiesced in that discrimination. Under Third Circuit precedent, a supervisor can only be held liable under § 1983 if the supervisor gave personal direction or had actual knowledge and acquiesced in the discrimination, or if the supervisor directly discriminated. *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1478 (3d Cir.1990).

It is undisputed that Ursomarso did not attend either Commission meeting at which the relevant personnel decisions were made and that he did not cast a vote on the personnel issues. Nonetheless, Christy maintains that Ursomarso knew of the discriminatory promotion practices used at the Commission, but acquiesced in them and turned a blind eye by not preventing such discrimination.

In *Stoneking v. Bradford Area School Dist.*, 882 F.2d 720 (3d Cir.1989), the Third Circuit ruled that two school administrators, who knew that a teacher was accused of sexually abusing several students, could be held liable under § 1983 because they refused to take any action against the abuser. The Court held that their inaction encouraged an environment where the perpetrator felt free to continue the abuse. Moreover, the administrators required at least one student to make a public retraction of her accusations, which gave the perpetrator a "trump card" to use to ensure silence from other victims. *Id.* at 728–30. The Third Circuit refused, however, to hold the school superintendent liable. It held that although there was evidence that he was told about some of the student complaints, in fact, his fault was "inaction and insensitivity." This, the Court held, did not show any affirmative conduct that created an air of "toleration, condonation or encouragement of sexual harassment." *Id.* at 731.

Christy's evidence is that before *Rutan v. Republican Party*, 497 U.S. 62, 110 S.Ct. 2729, 111 L.Ed.2d 52 (1990), Ursomarso made several comments to different people indicating that promotions were awarded on the basis of political patronage. Further, Ursomarso allegedly appointed a former state Senator's chief of staff to the Personnel Committee and consulted with her on Personnel matters.

■ We find that this evidence does not, in fact, indicate that Ursomarso had actual knowledge of political discrimination and that he abstained from voting on personnel matters to allow the discrimination to continue and that this abstention fostered an atmosphere that tolerated, condoned or encouraged political discrimination. Accordingly, we find that we should reconsider Ursomarso's motion for summary judgment, and having reconsidered it, grant the motion with respect to the § 1983 claim.

### B. § 1985(3) Claim.

Section 1985(3) precludes conspiracies to violate civil rights. Christy argues that Ursomarso participated in a conspiracy to deprive Christy of his rights by remaining silent in the face of discrimination. Christy further argues that the evidence discussed above demonstrates that Ursomarso was a willing participant in the conspiracy by instructing people to gain political favor in order to be promoted and by appointing a former state legislative employee to the PTC.

■ For the reasons above, we grant summary judgment for Ursomarso on the ground that there is no evidence that he was personally involved in discrimination, nor that he personally conspired to discriminate.

### C. § 1986 Claim.

Finally, in response to Ursomarso's Motion to Reconsider, Christy asks this Court to rule that Ursomarso is liable under § 1986 because he knew of the conspiracy to promote based on politics, had the power to prevent the conspiracy, yet neglected or re-

**148**

fused to prevent or aid in prevention of the conspiracy.

Christy has never pleaded this cause of action against Ursomarso or any other defendant, and for that reason alone, cannot succeed under § 1986.